UNIVERSITY OF BUFFALO, Plaintiff, *v.* W. DONALD LESLIE, as Erie County Medical Director, et al., Defendants.

Fourth Department, June 19, 1957.

*John E. Dickinson* and *John L. Truscott* for plaintiff.

*Elmer R. Weil, Erie County Attorney* (*Wortley B. Paul* of counsel), for defendants.

BASTOW, J. This submitted controversy results from a dispute between the plaintiff and certain public officials of Erie County. In brief, the plaintiff claims that pursuant to article 42 of the Public Health Law it is entitled to receive bodies of certain persons, who have died or been found dead within the county of Erie. The defendants, on the other hand, contend that pursuant to sections 141 and 225 of the Social Welfare Law a duty is placed upon the Commissioner of Social Welfare to bury the body of any person (a) dying within the county who has been a recipient of public assistance or care at the time of death or prior thereto, or (b) the body of any person found dead in the public welfare district.

We find the agreed statement of facts so indefinite and obscure that the controversy submitted may not be determined. The parties in drafting the statement have undertaken in para-

graph five to define the term " bodies in issue ". In substance this has been accomplished by excluding from the term those classes of deceased persons whose bodies may not be delivered to a university, college or school as provided in paragraphs (a), (b) and (c) of subdivision 3 of section 4211 of the Public Health Law (except that the 48 hours' waiting period required by par. [a] of subd. 3 has been omitted). The fourth exclusion contained in paragraph 5 of the submission relates to the bodies of deceased veterans and their dependents as described in section 148 of the General Municipal Law. Thus, by this paragraph " bodies in issue " are not defined but we are told negatively what deceased persons do not come within the meaning of the term.

The statement continues in the next paragraph to relate that during a period of three years certain persons came within the definition of " bodies in issue " as previously defined as follows: (a) certain of the bodies were at the time of death or prior thereto recipients of public assistance or care; (b) certain other of the said persons were not at the time of death recipients of public assistance or care, but were found dead within Erie County. It is further stated that plaintiff demanded that the " defendants " deliver to it for dissection all " bodies in issue " coming into their possession. The defendants, in addition to the county, are the county medical director, the acting county commissioner of social welfare and the superintendent of Meyer Memorial Hospital, which is owned and operated by the county.

The next two paragraphs (8 and 9) state that " certain of the said persons described in paragraph 6 " died in Meyer Memorial Hospital and came within the possession of the superintendent thereof and " Certain of the said bodies described in paragraph 6 " were delivered to the county morgue and " were under the control and supervision " of the county medical director. By the use of the phrases " certain of the said persons " and " certain of the said bodies " it seems plain that these two categories are not exclusive. In other words, there may be certain other bodies that plaintiff claims the right to receive for the purpose of dissection.

We may only surmise from the respective briefs — although it is not precisely stated therein — that a part of the area of disagreement between the parties relates to persons, who at the time of death or prior thereto, are recipients of public assistance or care but do not die in the hospital and their bodies without regard to the place of death are never taken to the county morgue. If we are correct in this surmise there is

interwoven in the problem questions that may be in part factual and in part legal. An examination of the Social Welfare Law points up the different factual situations that may be presented but are not set forth in the present statement.

Recipients of public assistance or care fall into many categories. The phrase is defined in subdivision 20 of section 2 of the Social Welfare Law as including " home relief, veteran assistance, old age assistance, assistance to the blind, aid to the disabled, aid to dependent children, medical care, institutional care for adults and child care granted at public expense pursuant to this chapter." It is the contention of the defendants (a) that pursuant to section 141 of the Social Welfare Law a duty is placed upon the Commissioner of Social Welfare to bury the body of any recipient of public assistance and (b) that pursuant to section 225 of the same law a similar duty is imposed with respect to recipients of old age assistance. It is far from clear but it is possible that plaintiff is advancing a theory that bodies of deceased persons, who are receiving public assistance of any kind at or prior to death, come into the constructive possession of the Commissioner of Social Welfare. If perchance this is one of the legal questions to be decided then the facts should be clearly presented.

Moreover, the parties in setting forth the facts have completely ignored the provision of section 4211 of the Public Health Law excepting from its provisions the body of a deceased person " not placed therein by any person, agency or organization for keeping, burial or other lawful disposition ". What effect any given factual situation may have upon this statutory exception we have no way of knowing.

Inasmuch as the Commissioner of Social Welfare here claims that a further specific duty is placed upon him by the provisions of section 225 of the Social Welfare Law it would seem that any submission should set forth a complete statement of facts relating to the quasi-contractual duties, if any, of the commissioner. Title 6 of this law pertaining to old age assistance and particularly sections 223 and 224 seem to provide that an applicant for old age assistance in some cases creates a lien in favor of the district upon his real and personal property, including life insurance, to insure payment of the cost of burial and insofar as sufficient the repayment of assistance furnished prior to death. When these two sections are read with section 225 the question is presented as to whether or no a quasi-contractual relationship is established between the recipient and the Commissioner of Social Welfare. This quasi-contractual relationship, if one exists, should be placed within the frame-

work of the pertinent facts. It must be apparent that if there is a contractual relation between the commissioner and a recipient of old age relief that the former will bury the latter in return for a lien upon the real or personal property of the recipient that such an agreement might have considerable impact on plaintiff's right to claim the body after death.

In summary, the parties have submitted provisions of two statutes, one dealing with the disposal of cadavers and the other with the burial of recipients of public assistance. Then in an area bristling with possible factual questions they have submitted two facts — that certain persons die in a county hospital and certain bodies are received in a county morgue. The issues presented may not be decided on this inadequate statement.

The proceeding should be dismissed without prejudice to either party.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Proceeding dismissed, without costs, without prejudice to either party.